# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIE COX, JR., a/k/a ABBUE-JAH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-cv-03253-JCH |
| ) | |
| JOSEPH DEWEY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Willie Cox, Jr., a/k/a Abbue-Jah, for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). For the reasons discussed below, the motion will be denied, and this case will be dismissed.

### Legal Standard on Initial Review

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to closely screen cases where, as here, there is an application to proceed in forma pauperis. The Court may deny a litigant leave to proceed in forma pauperis and dismiss an action if it determines that the complaint is frivolous or fails to state a claim. A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A complaint fails to state a claim if it does not demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### Background

The instant case is one of many interrelated civil rights actions that plaintiff has filed pro se and in forma pauperis in the United States District Court for the Eastern District of Missouri

since September 17, 2019.¹ As of the date of this order, all of plaintiff's cases that have been reviewed pursuant to 28 U.S.C. § 1915(e)(2)(B) have been dismissed for one of the reasons set forth in the statute.

In *Cox v. City of Clayton*, 4:19-cv-03091-RLW, the Honorable Ronnie L. White determined that plaintiff's repeated filing of frivolous and interrelated lawsuits amounted to abuse of the judicial process. Plaintiff was cautioned that restrictions may be imposed on him if he continued the practice. Nevertheless, plaintiff has continued filing lawsuits, including against the District Judges of this Court who have dismissed his cases.²

## The Complaint

Plaintiff is a pro se litigant and frequent filer of lawsuits who brings this civil action pursuant to 42 U.S.C. § 1983. (Docket No. 1 at 3). He names Joseph Dewey as the sole defendant. (Docket No. 1 at 2). He does not provide any further information about Dewey, such as occupation or address, and he does not indicate the capacity in which Dewey is sued.

In the "Statement of Claim," plaintiff asserts that Dewey "decided a case where he (in his own person) failed to prove jurisdiction." (Docket No. 1 at 5). He also claims that Dewey denied

---

¹*See Cox v. Lang*, 4:19-cv-02585-NAB (E.D. Mo. Sept. 17, 2019), *Cox v. Hulsey*, 4:19-cv-02586-JAR (E.D. Mo. Sept. 17, 2019), *Cox v. Hartman,* 4:19-cv-2587 (E.D. Mo. Sept. 17, 2019), *Cox v. Anello*, 4:19-cv-02588-AGF (E.D. Mo. Sept. 17, 2019), *Cox v. Walz*, 4:19-cv-02589-SRC (E.D. Mo. Sept. 17, 2019), *Cox v. Hulsey*, 4:19-cv-02592-SRC (E.D. Mo. Sept. 17, 2019), *Cox v. Morrow*, 4:19-cv-02593-JAR (E.D. Mo. Sept. 17, 2019), *Cox v. Grammer*, 4:19-cv-02662-PLC (E.D. Mo. Sept. 30, 2019), *Cox v. Crotzer*, 4:19-cv-02727-RLW (E.D. Mo. Oct. 7, 2019), *Cox v. Dewly*, 4:19-cv-02744-JAR (E.D. Mo. Oct. 9, 2019), *Cox v. Dodson*, 4:19-cv-02748-AGF (E.D. Mo. Oct. 9, 2019), *Cox v. Walker*, 4:19-cv-02764-RLW (E.D. Mo. Oct. 10, 2019), *Cox v. City of University City, Missouri*, 4:19-cv-02923-JCH (E.D. Mo. Oct. 28, 2019), *Cox v. Brentwood, Missouri, City of*, 4:19-cv-03067-PLC (E.D. Mo. Nov. 7, 2019), *Cox v. City of Clayton*, 4:19-cv-03091-RLW (E.D. Mo. Nov. 12, 2019), and *Cox v. Ferguson, City of*, 4:19-cv-3115-SNLJ (E.D. Mo. Nov. 18, 2019).

²*See Cox v. Fleissig*, 4:19-cv-3133-SRC (E.D. Mo. Nov. 22, 2019), *Cox v. Autrey,* 4:19-cv-3143-SNLJ (E.D. Mo. Nov. 25, 2019), *Cox v. Autrey,* 4:19-cv-3144-JCH (E.D. Mo. Nov. 25, 2019), *Cox v. Ross*, 4:19-cv-3152-SNLJ (E.D. Mo. Nov. 25, 2019), *Cox v. Ross,* 4:19-cv-3153-HEA (E.D. Mo. Nov. 25, 2019), *Cox v. Ross,* 4:19-cv-3156-JMB (E.D. Mo. Nov. 26, 2019), *Cox v. Ross,* 4:19-cv-3157-DDN (E.D. Mo. Nov. 26, 2019); and *Cox v. Clark*, No. 4:19-cv-03175-AGF (E.D. Mo. Nov. 27, 2019).

him "trial de [novo]," which he states is a due process violation. Plaintiff further alleges that the United States Constitution does not allow bills of attainder or writs of assistance, which plaintiff contends includes traffic tickets. Specifically, plaintiff states that traffic tickets and citations "are not allowed in the United States of America." (Docket No. 1 at 3).

Plaintiff is seeking $1.6 million in punitive damages, $1.6 million in actual damages, and a further $1.6 million in punitive damages. (Docket No. 1 at 5).

**Discussion**

Plaintiff has filed this civil action against Joseph Dewey, accusing him of failing "to prove jurisdiction" and violating his right to due process. The Court finds that plaintiff's in forma pauperis application should be denied, and this action dismissed, because the complaint is frivolous and fails to state a claim.

The complaint is frivolous because plaintiff's contention that the United States Constitution somehow does not allow for the issuance of traffic tickets lacks an arguable basis in law or fact. *See Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992) (stating that complaint may be dismissed as frivolous if it lacks an arguable basis in law or fact). Furthermore, the complaint fails to state a claim because it contains only legal conclusions, without any supporting factual allegations. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"). Moreover, plaintiff has failed to present facts sufficient to allege a claim under 42 U.S.C. § 1983. *See Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (explaining that to state a § 1983 claim "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state

law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

Dated this 17th day of December, 2019.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE